UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAYE TAYLOR, DESJUAN TAYLOR
And SARON BLANDING

      Plaintiffs,      `                    Case No.
                                                  Hon.

v.

CITY OF DETROIT, DETROIT POLICE
OFFICER AUSTIN RYMARZ, and JOHN DOE
OFFICERS 1-5, in their individual and official
capacities,

Defendants.
_____

HALL & MAKLED, P.C.
By: Cyril C. Hall (P-29121)
Counsel for Plaintiffs
23950 Princeton St,
Dearborn, MI 48124
(313)788-888

Law Offices of Diana L. McClain
Diana L. McClain (P-54781)
Counsel for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com
_____

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiffs, LASHAYE TAYLOR, DESJUAN TAYLOR and SARON

BLANDING, collectively Plaintiffs hereinafter, by and through their attorney, HALL &

MAKLED, and for their Complaint against Defendants, states as follows:

### INTRODUCTION

1

1. This is a civil action seeking damages for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and Michigan state law. Plaintiff alleges that Defendant Officer Rymarz, acting under color of law, illegally shot and killed Plaintiff's dog while the animal was securely chained to a fence and posed no threat, constituting an unlawful seizure and excessive force.

2. This is also a civil action seeking damages for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and Michigan state law Plaintiff alleges that Defendant Officer Rymarz, acting under color of law, committed an unlawful seizure , false arrest and imprisonment when he arrested Plaintiff without probable.

3. Defendants' actions caused Plaintiff severe emotional distress and violated her property rights and her right to be free from unlawful seizure. Plaintiff seeks compensatory and punitive damages, declaratory relief, and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights violations). and on Supplemental jurisdiction of this Court, for State Claims pursuant to 28 USC section 1367(a)

5. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in Detroit, Michigan, within the Eastern District of Michigan.

## **PARTIES**

6. Plaintiff, LASHAYE TAYLOR, is a resident of Detroit, Michigan, and the owner of the dog wrongfully killed by Defendant Rymarz.

7. Plaintiff, Desjuan Taylor, is a resident of Detroit, Michigan

8. Plaintiff, Saron Blanding, is a resident of Detroit, Michigan

9. Defendant, OFFICER AUSTIN RYMARZ, is a sworn law enforcement officer employed by the Detroit Police Department (DPD) and, at all relevant times, acted under color of state law.

10. Defendant, CITY OF DETROIT, is a municipal entity responsible for the policies, training, and supervision of DPD officers.

11. Defendants JOHN DOE OFFICERS 1-5 are additional officers who assisted or condoned the arrest in violation of Plaintiffs' Fourth Amendment rights against unlawful seizure and the shooting and destruction of evidence.

## FACTUAL ALLEGATIONS

12. On or about January 2, 2023, DPD officers, including Defendant Rymarz, executed a search warrant at 3545 Roosevelt Street, Detroit, MI.

13. Plaintiff, Lashaye Taylor, was handcuffed and placed in a police vehicle for several minutes.

14. Plaintiff Lashaye Taylor's movement was restricted and she was not free to leave.

15. Plaintiff Lashaye Taylor was arrested without probable cause in violation of the Fourth Amendment to the Constitution.

16. Plaintiff, Desjuan Taylor, was also placed in handcuffs and put in a police vehicle.

17. Plaintiff, Desjuan Taylor, was taken to the police station, processed through booking and ultimately released after four days.

18. Plaintiff, Desjuan Taylor, has never been charged with any crime.

19. Plaintiff, Desjuan Taylor, was arrested without probable cause in violation of his Fourth Amendment right against unlawful seizure.

20. Plaintiff, Saron Blanding, was also placed in handcuff and put in a police vehicle.

21. Plaintiff, Saron Blanding, was taken to the police station. processed through booking and ultimately released after four days.

22. The plaintiff, Saron Blanding, has never been charged with any crime.

23. Plaintiff, Saron Blanding, was arrested without probable cause in violation of his Fourth Amendment right against unlawful seizure.

24. During the raid on Plaintiff's residence, Plaintiff's dog was securely chained to a fence in her yard and posed no threat to the officers. The dog could not have reached or attacked officers due to the chain's length.

25. Police body camera footage and trial testimony confirm that the dog remained in its position and did not advance toward any officers. Plaintiff, Lashaye Taylor, and her son Terrance Blanding told officers that they could remove dog in front. Shortly thereafter, Plaintiff heard flashbang and three (3) shots from firearm causing Plaintiff to scream.

26. Officer Rymarz, under cross-examination in trial, admitted, "I could see that it was attached to something" and that he "did not know how far the chain reached"

27. Despite Defendant Rymarz's observation, he fired three shots, killing the dog.

28. The dog was restrained, defenseless, and posed no immediate danger.

29. Officer Rymarz later falsely claimed the dog was aggressive and advancing, despite video evidence contradicting this assertion. He testified, "The dog was in the same spot before and after the shooting".

30. Defendant officers failed to follow the Detroit Police Department's Dangerous Animal Policy, which states that "an officer shall not discharge a firearm at a dog or other animal, except to protect a member or person from imminent physical injury and there is no opportunity to retreat or other reasonable means to eliminate the threat".

31. The policy further requires that "before using deadly force, every attempt will be made to use other reasonable means to contain the threat of a dangerous animal".

32. Defendant officers removed the dog's remains without Plaintiff's consent and failed to follow the department's mandatory reporting requirements for the destruction of an animal.

33. Defendant City of Detroit has a history of failing to train officers on handling animals humanely and ensuring constitutional policing practices.

34. Plaintiffs filed a complaint with the Chief Office of Investigations and ultimately, after several months, on July 24, 2023, Plaintiff received a letter indicating that the actions of the Defendant Officers was in violation of Police policy and Plaintiff claim was substantiated.

35. Plaintiffs were unaware of their legal rights until receiving the results of their complaint to the Chief Office of Investigations

## LEGAL CLAIMS

### COUNT I:
### VIOLATION OF THE FOURTH AMENDMENT – UNLAWFUL SEIZURE OF THE PLAINTIFFS (Against Defendant Rymarz and John Doe Officers)

36. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

37. Defendant [OFFICER'S NAME], acting under color of state law, deprived Plaintiff of his/her Fourth and Fourteenth Amendment rights by arresting and detaining him/her without probable cause.

38. No reasonable officer would have believed that probable cause existed for Plaintiff's arrest.

39. As a direct and proximate result of Defendant's actions, Plaintiff suffered economic and non-economic damages, including emotional distress, embarrassment, and loss of liberty, inclusive of but not limited to PTSD, anxiety, and depression.

40. Defendant acted with deliberate indifference and reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

   **WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT II:
## VIOLATION OF THE FOURTH AMENDMENT – UNLAWFUL SEIZURE PLAINTIFF'S PROPERTY
### (Against Defendant Rymarz and John Doe Officers)

41. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

42. Defendant Rymarz's shooting of Plaintiff's dog constituted an unreasonable seizure under the Fourth Amendment. Courts have held that "the destruction of property by state officials poses a Fourth Amendment violation when it is unreasonable and without justification" (*Brown v. Battle Creek Police Dep't*, 844 F.3d 556 (6th Cir. 2016)).

43. The killing of a companion animal is a significant property deprivation that must comply with constitutional protections. "The Fourth Amendment of the United States Constitution, U.S.

44. That an individual has a property right in their pets was clearly established in 2013. Brown, 844 F.3d at 567.

45. The Individual Defendants' acts described herein were intentional, grossly negligent and amounted to reckless or callous indifference to Plaintiff's constitutional rights.

46. The Individual Defendant's seizure of (DropBoi Taylor) was objectively unreasonable.

47. No exigent circumstances warranted the intrusion involved in this case or justifies the unlawful search or seizure.

48. As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress and loss of companionship.

WHEREFORE PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT III:
### EXCESSIVE FORCE – FOURTH AMENDMENT
### (Against Defendant Rymarz and John Doe Officers).

49. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.
50. Defendant used excessive and unnecessary force in killing the restrained dog.
51. No reasonable officer would believe that a chained, non-aggressive dog posed a threat.

52. Defendants' conduct was objectively unreasonable under the circumstances, violating *Brown v. Battle Creek Police Dep't*, which held that officers must consider the "severity of the intrusion" when using force against animals.

53. As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress and loss of companionship.

WHEREFORE PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT IV:
## MUNICIPAL LIABILITY (MONELL CLAIM) – FAILURE TO TRAIN AND SUPERVISE
### (Against Defendant City of Detroit)

54. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein

55. At all times relevant herein, Defendant by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate and mistreat Plaintiff and thereby directly and proximately caused Plaintiffs to be deprived of his right to be free from the use of excessive force, and other unreasonable intrusions against his person in violation of the United States Constitution, Fourth Amendment.

56. At all times relevant herein, Defendants, by their own customs, policies, and/or practices of systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of his liberty and his right to be free from unreasonable searches and seizures, the use of excessive force and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Article 1m Subsection 11 and 17.

57. Defendant, Detroit Police Officer is liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions which constituted customs, policies and/or practices which resulted in the unlawful, unjustified and wrongful seizure of Plaintiffs' liberties, person and health without due process of law, all of which were proximate results of their injuries.

58. At all times relevant herein, Defendants, City of Detroit and Detroit Police Department by its failure to intervene to prevent the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision, proximately caused Plaintiffs to be deprived of his liberty and of his right to be free from unreasonable intrusions against his person, in violation of the United States Constitution, fourth Amendments ,

59. At all times relevant herein, Defendants, City of Detroit and Detroit Police Department by its direction from which the intentional, willful and wanton,

reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision were foreseeable, allowed, acquiesced in and/or encouraged and other unknown persons, to function as police officers and to unconstitutionally assault and seize citizens, including Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty, and his freedom from unreasonable detention and seizures and other unreasonable intrusions against his person, in violation of the United States Constitution, Fourth Amendments.

60. At all times relevant herein, Defendants, CITY OF DETROIT and Detroit Police Department by its failure to correct the behavior of the employees and/or agents under his supervision which said Defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent, and/or omissions of Defendants allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate, mistreat and detain Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of United States Constitution, Fourth Amendments.

61. The Civil Rights Act, 42 USC SS 1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

62. Defendants are civilly liable to Plaintiffs pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, City of Detroit and Detroit Police Department were committed under color of law and pursuant to the customs, policies and/or practices of Defendants, City of Detroit and the Detroit Police Department which subjected Plaintiff to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

63. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered serious and permanent injuries to their body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT V - CONSPIRACY TO VIOLATE AND INTERFERE WITH THE CIVIL RIGHTS OF PLANTIFFS PER 42 U.S.C. 1985
**(Against Defendant Rymarz and John Doe Officers).**

64. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

65. The two Officers/Defendants David Belknap and Defendant Wheeler, conspired and committed malicious acts in furtherance of their conspiracy to deprive Plaintiff of his

civil rights under the law, depriving him of his rights and privileges granted to citizens of the United States of America.

66. Defendant Officers conspired and committed acts in furtherance of a conspiracy to employ excessive force against Plaintiff, thereby depriving Plaintiff of his civil rights.

67. Each of the Defendant Officers acted in furtherance of their conspiracy by engaging in one or more of the acts set forth in this Complaint, in addition to the following acts:

    a. Failing to be fully truthful and forthcoming in regards to the facts and circumstances leading to the confrontation.

    b. Failing to investigate the facts and circumstances surrounding the wrongful, illegal, and egregious conduct of responding officers.

    c. Seeking criminal charges against Plaintiff to cover up for their acts of wrongdoing.

68. Both Defendant Officers conspired to violate the constitutionally protected rights of Plaintiff when they responded to the scene and through the use of unreasonable force detained and caused physical injury to the Plaintiff. Each of the Defendant Officers took an active part in wrongfully reporting Defendant's action against Plaintiff.

69. As a direct and proximate result of the conspiracy and acts in furtherance thereof, Plaintiff suffered injury and damages as set forth herein.

70. Defendant City of Detroit policy and/or custom, or their turning a blind eye on misconduct was the moving force behind the wrongful acts and excessive force of the Defendant Officers.

71. That as a direct and proximate result of the acts and omissions of Defendants, Plaintiffs suffered severe injury and damage set forth herein.

WHEREFORE, Plaintiff seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### Count VI:
### Conversion
### (Against Defendant Rymarz and John Doe Officers)

72. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

73. Defendants shooting of Plaintiff's dog, taking it away and disposing of it without Plaintiff's consent constitutes conversion of Plaintiff's property to their own us

74. Defendants shooting of Plaintiff's dog was an unlawful act that permanently deprived Plaintiff of their property

75. Defendants' unauthorized act of shooting and killing Plaintiffs;' dog permanently deprived Plaintiffs of their property.

76. Defendants' conduct was the direct and proximate result of Defendants' conversion, Plaintiffs have suffered damages and severe emotional distress.

WHEREFORE, Plaintiffs seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, including treble damages, costs, interest and attorney fees,

### Count VII:
### Intentional Infliction of Emotional Distress
### (Against Defendant Rymarz and John Doe Officers)

77. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

78. Defendant's conduct described herein was extreme and outrageous conduct because it was beyond all possible bounds of decency and could be regarded as atrocious and utterly intolerable in a civilized community and would (and in fact has) cause an average member of the community would . . . exclaim, "Outrageous!"

79. Defendants' actions described herein were intentional or reckless.

80. Defendants' actions caused Plaintiff severe emotional distress so severe that no reasonable person could be expected to endure it, causing nausea, inability to eat, loss of sleep, inability to concentrate, concern and fear for his safety. *Haverbush v. Powelson*, 217 Mich. App. 228, 234-35 (1996).

**WHEREFORE**, Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT VII:
### FALSE ARREST AND FALSE IMPRISONMENT
### (Against Defendant Rymarz and John Doe Officers)

81. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

82. Defendants, acting under color of law, intentionally and unlawfully restrained Plaintiffs' freedom of movement by arresting and detaining them without probable cause.

83. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages, including but not limited to emotional distress, loss of liberty, and other damages to be proven at trial.

**WHEREFORE**, Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,

HALL & MAKLED, P.C.
By: Cyril C. Hall (P-29121)
Counsel for Plaintiff
23950 Princeton St,
Dearborn, MI 48124
(313)788-888

February 28, 2025