UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAYE TAYLOR, et al.,

      Plaintiffs,

v.
                                  Case No. 25-cv-10584
                                  HON. MARK A. GOLDSMITH

CITY OF DETROIT, et al.,

      Defendants.

_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' UNOPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT (Dkt. 18)

Before the Court is Defendants' unopposed motion for judgment on the pleadings and/or for summary judgment (Dkt. 18).  For the reasons set forth below, the Court grants Defendants' motion.[1]

### I.    BACKGROUND

On March 3, 2025, Plaintiffs Lashaye Taylor, Desjuan Taylor, and Saron Blanding brought this eight-count lawsuit against Defendants the City of Detroit, Detroit police officer Austin Rymarz, and John Doe Officers 1–5 in their individual and official capacities.  Compl. at PageID.1 (Dkt. 1).  Plaintiffs argue that Defendants violated their constitutional rights under 42 U.S.C. § 1983 for, among other things, shooting and killing Plaintiffs' dog while Defendants were executing a search warrant.  Id. at PageID.2.

Defendants argue that they obtained search warrants for 3545 and 3551 Roosevelt Street in Detroit, Michigan.  Mot. at PageID.212 (Dkt. 18).  The warrants were issued as part of an

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  The motion is unopposed, therefore, the only brief presented to the Court is Defendants' motion.

investigation into suspects who fired shots at undercover City of Dearborn Police Officers.  Id.
Officer Rymarz was called to assist the Special Response Team (SRT) executing the warrants.  Id.
Rymarz observed a large pitbull dog chained in the front yard between the two properties.  Id. at
PageID.213.  The dog was barking aggressively and pulling at its chain, the length of which
Rymarz could not determine.  Id.  When the SRT advanced through the gate outside the residences,
the dog initially retreated, but then it aggressively advanced toward the officers.  Id. at PageID.213.
Rymarz made a "split second decision and discharged his firearm, killing the dog."  Id.  He did so
because he "perceived the pit bull as an immediate threat and could not safely retreat, restrain, or
otherwise remove the pit bull without creating an unreasonable risk to officer safety."  Id. (citing
A. Rymarz Aff. at PageID.246 (Dkt. 18-2)).

After the warrant execution was completed, Defendants discovered that no dogs were ever
licensed or registered at either of the relevant addresses, nor were any dogs licensed or registered
by any of the Plaintiffs.  Id.  (citing C. McClanahan Aff. at PageID.250–251 (Dkt. 18-4)).  Plaintiffs
have not produced any proof of ownership or possession of the dog.  Id. at PageID.214.

Though Plaintiffs argue that Rymarz violated their constitutional rights while executing the
search warrant, Defendants aver that Rymarz did not have any interaction with any of the Plaintiffs
before, during, or after the execution of the search warrant.  Id. at PageID.214 (citing A. Rymarz
Aff. at PageID.246).

Defendants' motion is unopposed.  Even though the parties stipulated to allow Plaintiffs
an extended deadline by which to file their response, Plaintiffs failed to respond.  See Stip. Order
Extend. Resp. Deadline at PageID.261 (Dkt. 21).

## II.    ANALYSIS[2]

Defendants present four arguments for why judgment on the pleadings and/or summary judgment should be granted in their favor.  Defendants argue first that Plaintiffs' complaint fails to allege sufficient facts to state a plausible claim against Rymarz.  Mot. at PageID.219.  They argue that Plaintiffs' claims lack factual support for a claim against Rymarz because:

(i)    Plaintiffs' Count I, the unlawful seizure claim, is conclusory and fails to plead specific facts about Rymarz.  Id.  Rymarz's mere presence without a showing of direct action on his part does not suffice to subject him to liability.  See Ghandi v. Police Dep't of City of Detroit, 747 F.2d 338, 352 (6th Cir. 1984).

(ii)    Additionally, Count I fails to the extent it is predicated on Plaintiffs' detention during the execution of valid search warrants.  Mot. at PageID.220.  Under the case Michigan v. Summers, 452 U.S. 692, 705 (1981), a warrant to search for contraband founded on probable cause carries limited authority to detain occupants while a premises search is conducted.

---

[2] In assessing whether a party is entitled to summary judgment, the Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007).  A court will grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1985).

"Even where a party offer[s] no timely response to [a] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)."  F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 630 (6th Cir. 2014) (punctuation modified).  Even so, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.  Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 405 (6th Cir. 1992).  "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact."  Jones v. Kimberly-Clark Corp., 238 F.3d 421 (6th Cir. 2000).

Defendants also move for judgment on the pleadings.  Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  To survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Engler v. Arnold, 862 F.3d 571, 575 (6th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief.  Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

(iii)    Plaintiffs' Count III, the excessive force claim regarding the dog, fails.  Mot. at PageID.220.  Constitutional protections apply only to people; not to animals.  See Tilikum v. Sea World Parks & Entm't Inc., 842 F. Supp. 2d 1259, 1263–1264 (S.D. Cal. 2012).  Defendants argue that the Court could, at most, construe this claim as an unreasonable seizure of personal property claim, however, that theory fails because Plaintiffs did not make this argument and have therefore waived and/or forfeited it.  See Puckett v. Lexington-Fayette Urb. Cnty. Gov't, 833 F.3d 590, 611 (6th Cir. 2016) (stating that, "by failing to make any developed argument in their briefing," a party waives review of an issue).

(iv)    Plaintiffs' Count IV, which is their claim based on Monell v. Dep't of Soc. Svcs., 436 U.S. 658 (1978), fails because Plaintiffs failed to allege the required elements of a Monell claim in their complaint.  Mot. at PageID.222.  Specifically, Plaintiffs do not identify the alleged unconstitutional policy, custom, or practice at issue.  Instead they make a boilerplate argument that the City of Detroit failed to supervise and/or train police officers, which is insufficient under Monell.  See Burgess v. Fischer, 735 F. 3d 462, 478 (6th Cir. 2013).  Defendants further argue that, if Plaintiffs intended to argue that their Monell claim is premised on alleged violations of internal police policies or procedures, that, too, fails because a municipality cannot be liable under § 1983 for an officer's alleged failure to follow rules.  See D'Ambrosio v. Marino, 747 F.3d 378, 387 (6th Cir. 2014).

(v)    Plaintiffs' Count V, their conspiracy claim, fails because the complaint does not allege the elements of a civil conspiracy.  Mot. at PageID.223.  This claim fails as to Rymarz because he is only mentioned in the heading of this count of the complaint and Plaintiffs do not allege any specific facts regarding him.  See Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").  The complaint fails to identify a single plan, shared objective, or overt act involving Rymarz.

Second, Defendants argue that judgment on the pleadings and/or summary judgment should be granted in their favor because Rymarz is entitled to qualified immunity on Plaintiffs' dog seizure claim (Count II).  "Qualified immunity shields government officials in the performance of discretionary functions from standing trial for civil liability unless their actions violate clearly established rights of which a reasonable person would have known."  Bunkley v. City of Detroit, 902 F.3d 552, 559 (6th Cir. 2018).  At the summary judgment stage, to overcome a claim of qualified immunity, the plaintiff must show that "(1) the defendant violated a

4

constitutional right; and (2) the right was clearly established." Quigley v. Tuong Vinh Thai, 707 F.3d 675, 680 (6th Cir. 2013).

In their second argument, Defendants also argue that their actions did not violate any clearly established constitutional right for as a matter of law for the reasons they set forth in sub-arguments (i)–(v) of their first argument, outlined above. They argue that the undisputed facts demonstrate that they did not violate a constitutional right, and that the body camera footage demonstrates that Rymarz was executing a high-risk search warrant on suspects who had already fired long rife shots at undercover officers. The dog was a pit bull, which was acting aggressively as it advanced toward the officers executing a search warrant.

Additionally, Defendants argue that Michigan law regarding dog ownership classifies dogs as owned property only if they are licensed. See Mich. Comp. Laws § 287.262. The dog at issue in this case was unlicensed. Plaintiffs have not established that they had a clearly established right or interest in the dog, whatsoever.

Third, Defendants argue that Rymarz is entitled to qualified immunity on Plaintiffs' remaining constitutional claims. Id. at PageID.228–229. There is no evidence that Rymarz had any interaction with Plaintiffs. He was not involved in their arrest, detention, nor was he involved in a conspiracy.

Fourth, Defendants argue that the City is entitled to qualified immunity because Plaintiffs have not identified a custom, policy, or practice that was the "moving force" behind Plaintiffs' constitutional deprivations. Id. at PageID.2289–230.

The Court has reviewed Defendants' arguments and it determines that, for the reasons explained in Defendants' brief, Defendants have met their burden. Under Rule 56, there is an

5

absence of evidence to support any of Plaintiffs' claims.  And under Rule 12(c), Plaintiffs have failed to state any claim against Defendants.

Defendants have also established that qualified immunity protects them against Plaintiffs' claims.  Because they failed to respond to Defendants' motion, Plaintiffs have not presented any arguments, whatsoever, to overcome Defendants' argument that qualified immunity applies.

The Court, therefore, grants Defendants' motion.

### III.    CONCLUSION

For the reasons explained above, the Court grants Defendants' motion for judgment on the pleadings and/or for summary judgment (Dkt. 12).  The case is dismissed with prejudice.

**SO ORDERED.**

Dated: April 24, 2026                                        s/Mark A. Goldsmith
Detroit, Michigan                                           MARK A. GOLDSMITH
                                                                          United States District Judge


### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2026.

                                                                          s/Joseph Heacox
                                                                          JOSEPH HEACOX
                                                                          Case Manager

6